IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOHN W. JENKINS,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:09-cv-00282

OAKHURST DEVELOPMENT, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Response to Defendant's Notice of Removal and Plaintiff's Motion to Remand [Docket 3] and Debtor's Reply in Support of Bankruptcy Removal [Docket 4].

*I. FACTUAL AND PROCEDURAL BACKGROUND*

This action arises out of a property line dispute, which was filed in the Circuit Court of Greenbrier County, West Virginia, on November 14, 2006. On January 8, 2009, Defendant filed for protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of West Virginia. On March 23, 2009, Defendant timely filed a notice of removal with this Court pursuant to Fed. R. Bankr. P. 9027(a)(2).[1]

---

[1] Plaintiff contends that Defendant's Notice of Removal was untimely pursuant to 28 U.S.C. § 1446(b). However, Defendant correctly maintains that its Notice of Removal was timely in accordance with Fed. R. Bankr. P. 9027(a)(2), which states,

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter

(continued...)

Plaintiff moved to remand on April 3, 2009, and Defendant filed a response opposing remand and recommending that the action be referred to bankruptcy court. Defendant claims that the "Bankruptcy Court, to which this matter is automatically referred, has jurisdiction over the claims against [Defendant] pursuant to 28 U.S.C. § 1334(b) because this action is a civil action arising under Title 11, or arising in or relating to a case under Title 11." (Docket 1 ¶ 4.) Defendant argues that this action arises under Chapter 11 because the land to which Plaintiffs seek to quiet title is part of the estate of Defendant, a Chapter 11 bankruptcy debtor. However, Plaintiff argues that this is not a core bankruptcy proceeding.

## II. APPLICABLE LAW

Original jurisdiction over bankruptcy cases and "cases arising or related to cases under title 11" is conferred on the federal district courts. 28 U.S.C. § 1334. "District courts may provide that these cases be referred to bankruptcy judges in the appropriate district." *United States v. Wilson*, 974 F.2d 514, 516 (4th Cir. 1992) (citing 28 U.S.C. § 157(a)). The Local Rules of Civil Procedure in the Southern District of West Virginia provide that "all proceedings arising under Title 11 or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition." L.R. Civ. P. 83.13 (citing 28 U.S.C. § 157(a)). "Bankruptcy judges can hear and determine all cases and core proceedings arising under the Bankruptcy Code, subject to review by the district courts under 28 U.S.C. § 158." *Wilson*, 974 F.2d at 516 (citing 28 U.S.C. § 157(b)(1)).[2] "Pursuant to 28

---

[1](...continued)
 11 reorganization case but not later than 180 days after the order for relief.

[2] The Bankruptcy Court is also authorized to enter recommendations to this Court on all non-core matters. 28 U.S.C. § 157(c).

2

U.S.C. § 157(b)(3), the bankruptcy judge shall determine . . . whether a proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2) or whether a proceeding is otherwise related to a case under the Bankruptcy Code." *In re Sys. Eng'g & Energy Mgmt Assocs., Inc.*, 252 B.R. 635, 638-39 (Bankr. E.D. Va. 2000).

### III. ANALYSIS

Defendant correctly argues that this case is better suited for consideration by the bankruptcy court, as 28 U.S.C. § 157(b)(3) delegates the determination of whether an action is a core proceeding to the bankruptcy court. In addition the Court agrees with the United States District Court for the Southern District of Ohio that "[q]uestions of permissive abstention and equitable remand are also better left to the bankruptcy court," such as in this case. *MD Acquisition, LLC v. Myers*, No. 2:08-cv-494, 2009 WL 466383 at *5 (S.D. Ohio 2009); *see also HSBC USA v. Schwartz*, No. CV-08-1280, 2008 WL 2357380 at *3 (E.D.N.Y. June 4, 2008).

### IV. CONCLUSION

Therefore, the Court declines to decide Plaintiff's Motion to Remand [Docket 3] on the merits and **DENIES** the motion without prejudice to renewal before the Bankruptcy Court. Accordingly, the Court **ORDERS** that this action be referred to the United States Bankruptcy Court for the Southern District of West Virginia. The Clerk of the Bankruptcy Court is **DIRECTED** to docket this action as an adversary proceeding in the case of Oakhurst Development, LLC., Bankruptcy Case No. 09-20025.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to **REMOVE** this action from the Court's docket and to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 22, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE